*(margin: Lanesborough v. New Ashford.)*

---

## ERASTUS SACKETT *et al. versus* ELIZABETH SACKETT.

ACTION of waste. Plea, no waste. The declaration alleged a devise to the defendant of a farm containing about 214 acres, one half in fee and the other half for her life, and set forth waste in divers parcels of the land. The jury returned a general verdict that the defendant had committed waste, and assessed damages in a certain sum. It was moved in arrest of judgment, that the verdict did not specify the particular places in which the waste had been committed, so that there could be no judgment for the plaintiff to recover the places

*(margin: Sept. 21st 192)*

Sackett
v.
Sackett.

wasted ; *Greene* v. *Cole*, 2 Wms's Saund. 250, note 6 ; anu the Court held, that the finding was not sufficient to sustain a judgment of forfeiture ; [*][1] but a new trial was granted, because the jury were instructed that the defendant was answerable only for her own waste, and not for waste committed by a stranger, the case of *Fay* v. *Brewer*, 3 Pick. 203, not having been adverted to at the trial.

*Hubbard*, for the defendant.

*Gold* and *Porter*, for the plaintiffs.

---

[*] The counsel on both sides stated it as law, that the place wasted must be adjudged to be forfeited; but Mr. *Dane* considers that we have departed from the law of England in this respect, (and also in regard to treble damages,) and that here there is no forfeiture of the place wasted, except by *St.* 1783, c. 40, § 3, in the case of tenant in dower.  3 Dane's Abr. *p.* 228, 229, § 3, 4, 5, 6, 7, 8, — *p.* 230, 231, § 1, 2, — *p.* 235, § 1. [2]

[1] See *Padelford* v. *Padelford*, 7 Pick. 152.

[2] This subject was much discussed in *Sackett* v. *Sackett*, 8 Pick. 309.  The law on this head is now settled by the Revised Stat. *c.* 105. § 1.